# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CIVIL ACTION NO. 3:07-0470

$13,963.00, MORE OR LESS,
IN UNITED STATES CURRENCY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Claimant Donald Jamal Wilson's *pro se* Motion to Set Aside Void Judgment. [Doc. No. 55]. For the following reasons, the Court **DENIES** the motion.

## I.
## FACTUAL AND
## PROCEDURAL HISTORY

During the summer and fall of 2006, the Huntington Police Department Drug Unit (HPD) was investigating Mr. Wilson for drug trafficking offenses in the Huntington area. As a result of the investigation, HPD obtained three felony warrants for his arrest. On October 27, 2006, the HPD observed Mr. Wilson driving a white car in Huntington. Before he could be pulled over, however, he crossed over a bridge from West Virginia to Ohio. Ohio authorities were contacted, and Mr. Wilson was stopped in Lucasville, Ohio. A search incident to arrest revealed Mr. Wilson had $13,963.00 on his person. Thereafter, Mr. Wilson was indicted in West Virginia on federal drug charges. On December 13, 2007, Mr. Wilson was convicted by jury of all counts against him.

On December 7, 2006, the Drug Enforcement Agency (DEA) initiated administrative forfeiture of the money that was seized. Following some confusion about where Mr. Wilson was being incarcerated, and a rejection of Mr. Wilson's initial claim to the money as lacking the necessary oaths, he ultimately submitted a proper claim and petition on April 1, 2007. The DEA received and accepted the claim on April 13, 2007. By letter dated April 20, 2007, the DEA made a judicial referral to the United States Attorney's Office for the Southern District of Ohio.

Pursuant to 18 U.S.C. § 983(a)(3)(A), the Government had 90 days from the time of Mr. Wilson's claim in which to file a Complaint for Forfeiture. Thus, the deadline for filing the Complaint was on or about July 12, 2007. The Government concedes it did not file the Complaint until August 1, 2007, missing its deadline by 20 days. In a declaration submitted by Assistant United States Attorney Betty Pullin, she states that between April and May of 2007, she engaged in e-mail correspondence in an attempt to determine whether the forfeiture should be handled by the United States Attorney's Office in Ohio (where the money was seized) or in West Virginia (where Mr. Wilson was charged and convicted). Ultimately, it was determined the Complaint should be filed in West Virginia, but Ms. Pullin states she has no indication in her file why the Complaint was filed late.[1]

After the Government filed its Complaint, Mr. Wilson filed numerous motions contesting the forfeiture. His primary argument before the Court was that he obtained the money through legitimate sources. The Court rejected his arguments and granted the Government's Motion

---

[1]Ms. Pullin states she assumes it was a merely a miscalculation of the filing date.

for Summary Judgment and granted a Final Order of Forfeiture on October 13, 2009. Thereafter, Mr. Wilson appealed. On June 9, 2010, the Fourth Circuit Court of Appeals affirmed this Court's decision. *U.S. v. $13,963.00, More or Less, in U.S. Curren*cy, No. 09-2355, 382 Fed. Appx. 268, 2010 WL 2331076 (4th Cir. June 9, 2010) (unpublished).

Mr. Wilson now moves for the first time to "Set Aside Void Judgment" on the grounds that the Complaint was untimely filed. Mr. Wilson argues the filing deadline is a jurisdictional requirement and, as the Complaint was filed late, this Court lacked jurisdiction to entertain the action and the previous judgment is void. Thus, Mr. Wilson asserts the judgment should be set aside.

The Government contends, however, that the deadline is not jurisdictional, but rather an affirmative defense. As Mr. Wilson did not raise the issue in his Answer or any of the motions he filed challenging the forfeiture action, the Government argues he waived or forfeited his right to argue the issue at this time.[2] Upon review, the Court agrees with the Government.

### III.
### DISCUSSION

In recent years, the United States Supreme Court has addressed in several cases whether limitations in particular statutes set forth jurisdictional requirements. In one such case, the Supreme Court held in *Bowles v. Russell*, 551 U.S. 205 (2007), that the deadlines under 28 U.S.C.

---

[2] *United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (Internal quotation marks and citation omitted)).

§ 2107(c) for reopening the time period for filing a notice of appeal is jurisdictional and a notice filed outside that time period deprives the Court of Appeals of jurisdiction. 551 U.S. at 214. Writing for the majority, the Honorable Clarence Thomas noted there is a long history of cases treating the time limits for filing appeals as jurisdictional requirements. *Id*. at 209-10, & n. 2. In addition, the Supreme Court stated it is significant that the time limits for appeals are set forth by statute, and not merely by court-promulgated deadlines. *Id*. at 210-11; *see* Fed. R. App. P. 4(a)(6) (providing the court rules on reopening the time to file an appeal in a civil case). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Id*. at 212. Thus, as "Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Id*. at 212-13 (citation omitted). The fact Congress specifically defined the time period for an extension to file a notice of appeal means the limitation is not a mere "claim-processing rule." *Id*. at 213 (internal quotation marks omitted). Therefore, the Supreme Court held the "failure to file . . .[a] notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction." *Id*.

In another recent case, the Supreme Court was asked in *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), to determine whether 17 U.S.C. § 411(a) (Supp. 2009) of "the Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement." 130 S. Ct. at 1241. Section 411 provides, in part, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a),

in part. The issue before the Court was if a failure to comply with this provision deprives federal courts of subject matter jurisdiction.

In discussing the statute, the Court recognized that "the distinction between jurisdictional conditions and claim-processing rules can be confusing in practice" and sometimes have been mischaracterized. 130 S. Ct. at 1243-44. However, the Court stated the distinction is important and was described in its previous decision of *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), as follows:

> "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

*Id*. at 1244 (quoting *Arbaugh*, 546 U.S. at 515-16 (citation and footnote omitted)).

In *Arbaugh*, the Supreme Court found the employee-numerosity requirement under 42 U.S.C. § 2000e(b) of Title VII was not a jurisdictional restriction. The Supreme Court based its decision on the fact § 2000e(b) did not clearly provide the numerosity requirement was jurisdictional. 546 U.S. at 515-16 and n. 11. In addition, the Supreme Court found nothing in its text or structure of the statute indicating Congress "rank[ed]" the numerosity requirement as jurisdictional. *Id*. Likewise, there was nothing in the Supreme Court's previous decisions compelling that conclusion. *Id*. at 511-13. Moreover, the Supreme Court recognized the numerosity requirement was in a separate provision from Title VII's jurisdiction-granting section. *Id*. at 514-15.

Therefore, the Supreme Court concluded the numerosity requirement did not restrict the jurisdiction of the district courts. *Id*. at 516.

Applying that approach to § 411(a) of the Copyright Act, the Supreme Court found nothing in the statute itself which "'clearly states' that its registration requirement is 'jurisdictional.'" 130 S. Ct. at 1245 (quoting *Arbaugh*, 546 U.S. at 515). In addition, the Court recognized § 411(a)'s registration requirement is in a separate provision from those granting subject matter jurisdiction generally or specifically to copyright claims. *Id*. at 1246 (citing 28 U.S.C. §§ 1331 and 1338). The Court also found no other factor indicating "§ 411(a)'s registration requirement can be read to 'speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id*. (quoting *Arbaugh*, 546 U.S. at 515; other citation and quotation marks omitted). In fact, § 411 actually expressly permits courts to adjudicate copyright infringement claims in certain circumstances. *Id*. In the end, the Court held that "the jurisdictional analysis must focus on the 'legal character' of the requirement, which . . . [is] discerned by looking to the condition's text, context, and relevant historical treatment." *Id*. (citations omitted). Thus, the Court determined that § 411(a)'s registration requirement should receive nonjurisdictional treatment as it "imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions." *Id*. at 1247.

In reaching this decision, the Court stated that its earlier decision in *Bowles* does not stand for the proposition that statutory time limits should always be considered jurisdictional or those statutes devoid of express jurisdictional language should be treated as jurisdictional if courts

have historically treated them as such. *Id*. (footnote omitted).  Instead, the Court said that *Bowles* affirms the proposition that context and historical treatment of similar provisions are relevant factors in deciding "whether a statute ranks a requirement as jurisdictional." *Id*. at 1247-48. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 & 395 (1982) (holding a requirement that sex discrimination claimants under Title VII timely file a charge with the EEOC before bringing an action in federal court was nonjurisdictional despite some Supreme Court cases which characterized it as jurisdictional).

In determining whether the forfeiture provision in this case is jurisdictional, the Court first looks to the language of the statute itself.  Section 983(a)(3)(A) provides:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(a)(3)(A).  If the Government does not comply with the requirements in subparagraph (A) or obtain a criminal indictment with a forfeiture provision and otherwise comply with the applicable criminal forfeiture statute, then the Government is instructed to "promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take

any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B), in part.[3]

In examining this statutory framework, the Court finds there is no express language in the text of the statute which establishes the jurisdiction of the district court. In fact, similar to *Reed Elsevier, Inc.* and *Arbaugh*, this Court's jurisdiction over forfeiture cases is set forth in other statutory sections. Specifically, 28 U.S.C. § 1355 gives district courts original jurisdiction over

---

[3]Section 983(a)(3)(B) provides:

> **(B)** If the Government does not--
>
> > **(i)** file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
> >
> > **(ii)** before the time for filing a complaint has expired--
> >
> > > **(I)** obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
> > >
> > > **(II)** take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

28 U.S.C. § 983(a)(3)(B).

forfeiture proceedings,[4] and 28 U.S.C. § 1345 gives the district courts original jurisdiction over all civil actions commenced by the United States.[5] *See also* 21 U.S.C. § 881 (providing that "a proceeding for forfeiture under this section may be brought in the judicial district in which the defendant owning such property is found or in the judicial district in which the criminal prosecution is brought"). Thus, given the express text of the statute and the fact this Court's jurisdiction is derived from other statutory provisions, the Court finds these factors signal the 90-day requirement in § 983(a)(3) is nonjurisdictional.

Likewise, the Court finds § 983(a)(3) has not been historically treated as a jurisdictional provision. In their briefs, neither Mr. Wilson nor the Government cite any cases in which there is a detailed analysis of whether the 90-day time limit in § 983(a)(3)(A) is a jurisdictional requirement. There are a few cases which hold the untimely filing of a complaint under § 983(a)(3) is subject to dismissal. *See United States v. $1,073,200.00 in United States Currency*, No. 5:06-CV-578 (NAM/GJD), 2007 WL 1017317 (N.D. N.Y. Mar. 30, 2007) (granting a motion to dismiss the complaint because the complaint was not filed within the 90-day time limit established in § 983(a)(3)); *United States v. Funds in the Amount of Three Hundred Fourteen*

---

[4]Subsection (a) of § 1355 states, in part: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for . . . forfeiture . . . ." 18 U.S.C. § 1355(a), in part.

[5]Section 1345 provides: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

*Thousand Nine Hundred Dollars ($314,900.00)*, No. 05 C 3012, 2006 WL 794733 (N.D. Ill. Mar. 21, 2006) (denying motion to reconsider dismissal of untimely complaint in forfeiture action); *see also United States v. Funds in the Amount of Three Hundred, Nine Thousand and Seven Hundred Fifty Dollars ($309,750.00)*, Civ. Act. No. 08 C 5586, 2009 WL 1974425 (N.D. Ill. July 8, 2009) (stating in *dicta* that the Government's failure to comply with § 983(a)(3)(B) does not divest the district court of subject matter jurisdiction. "The government's timely initiation of a forfeiture action may be a necessary condition of relief, but time limits in litigation do not detract from a court's adjudicatory competence" (citation omitted)) However, these cases do not address whether a claimant waives or forfeits an untimeliness argument by failing to raise it in the context of a statute of limitations defense. The most analogous case this Court could find is a per curiam decision issued by the Third Circuit in *United States v. Young*, No. 10-4592, 2011 WL 1206664 (3d Cir. Apr. 1, 2011).

In *Young*, a claimant filed a motion to return seized property more than seven years after the property was administratively forfeited. 2011 WL 1206664, at *1. On appeal, the Government raised for the first time that the claimant's motion was filed outside the five year time limit contained in § 983(e)(3).[6] *Id*. The Government argued the provision was a jurisdictional rule and, therefore, the district court was without jurisdiction to entertain the claimant's motion. The Third Circuit disagreed and stated that the "argument overlooks the fact that there is a rebuttable presumption that federal statutes of limitations are not jurisdictional" and there is no reason the

---

[6]Section 983(e)(3) provides: "A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property." 18 U.S.C. § 983(e)(3).

presumption should not apply to § 983(e)(3). *Id*. (citations omitted). Therefore, the Third Circuit held "the government's argument is no more than a statute-of-limitations defense, which it waived by not raising it in the District Court." *Id*.

In considering the subsection of § 983 at issue in this case, the Court reaches a similar result. In the absence of express jurisdictional language in § 983(a)(3), the fact this Court's jurisdiction over forfeiture actions is found in other statutory provisions, and in the absence of cases treating § 983(a)(3) as a jurisdictional requirement, the Court finds that a failure to comply with the 90-day deadline is a nonjurisdictional requirement. Thus, as Mr. Wilson did not timely raise this issue, he forfeited his right to pursue this argument. Therefore, the Court **DENIES** Mr. Wilson's Motion to Set Aside Void Judgment.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 3, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE